UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARTIN NEFTALI AGUILAR-RIVERA
a/k/a/ Momia,

    Defendant.

Case No. 2:17-cr-164(1)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter came before the Court on Defendant Martin Neftali Aguilar-Rivera's ("Defendant") Motion for Leave to Appeal and to Appoint Counsel (ECF No. 975). For the following reasons this motion (ECF No. 975) is **DENIED**.

### I.

On July 22, 2019, Defendant plead guilty to one count of conspiracy to commit racketeering and one count of murder in aid of racketeering. (*See* ECF Nos. 826, 833.) On October 16, 2019, the Court sentenced Defendant to a term of life imprisonment on both counts to be served concurrently, followed by a five-year term of supervised release on both counts to be served concurrently. (ECF No. 922.) In addition, the Court imposed a special assessment of $200 and ordered forfeiture of all property derived from the racketeering activity. (*Id.*)

On January 2, 2020, the Clerk of Court's office received and time-stamped Defendant's pro se motion seeking leave to appeal and to appoint counsel. (Def.'s Mot. Leave File Direct Appeal & Mot. Appoint Counsel at 1, ECF No. 975, hereinafter "Def.'s Mot.")

The motion was signed by Defendant on December 26, 2019 and appears to have been submitted through the prison mail system. (*Id.*) Defendant contends this notice of appeal was

delayed due to a series of institution changes as well as minimal contact with his family and attorney. (*Id.* at 2.) Defendant also requests new counsel for his appeal because his counsel "has not given him the assistance that the [C]onstitution guarantees." (*Id.* at 3.)

## II.

Federal Rule of Appellate Procedure 4 provides that "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of the judgment or order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A)(i)–(ii). If the appeal is to be taken by an inmate confined in an institution, the filing is timely "if it is deposited in the institution's internal mail system on or before the last day for filing." *Id.* at 4(c)(1). An inmate can make use of this rule with "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid" by the deadline. *Id.* at 4(c)(1)(A)(ii). This is referred to as the mailbox rule. *See United States v. Smotherman*, 838 F.3d 736, 737–39 (6th Cir. 2016).

The deadlines in Federal Rule of Appellate Procedure 4(b) are "not jurisdictional." *United States v. Gaytan-Garza*, 653 F.3d 680, 681 (6th Cir. 2011). "Therefore, [courts] are not required to dismiss late-filed criminal appeals *unless* the government has raised the issue, which it can do by motion or in its briefing." *Id.* (emphasis added); *see also United States v. Brown*, 817 F.3d 486, 489 (6th Cir. 2016) ("Because the government has raised the issue of late filing and because Brown has not met any of Appellate Rule 4(b) requirements for filing a late notice of appeal, we dismiss his appeal.") (internal citations omitted); *United States v. Majors*, No. 19-5635, 2019 WL 6768908, at *1 (6th Cir. 2019) ("The time period set forth in Rule 4(b) for filing a notice of appeal is not jurisdictional, but it is a mandatory claim-processing rule that must be enforced if raised by the government.").

2

Additionally, Federal Rule of Appellate Procedure 4 provides that "[u]pon a finding of excusable neglect or good cause, the district court may—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule." *Id.* at. 4(b)(4).

### III.

Judgment was entered against Defendant on October 18, 2019. (ECF No. 922.) Any notice of appeal was required to be filed by November 1, 2019. *See* Fed. R. App. P. 4(b)(1)(A)(ii). The motion for leave to appeal was received by the Clerk of Court's office on January 2, 2020. (*See* Def.'s Mot.) The motion was not timely.

Defendant was an inmate confined in an institution during this time. Thus, the mailbox rule provides he was required to deposit his motion in the institution's internal mail system by November 1, 2019. *See* Fed. R. App. P. 4(c)(1)(A)(ii). The envelope which Defendant's motion was mailed in shows it was stamped December 26, 2019. (*See* Def.'s Mot.) Thus, this notice of appeal was not timely, even under the mailbox rule for confined inmates.

Finally, even if the district court was to find excusable neglect or good cause for delay, thus enlarging the time period by 30 days, the notice of appeal would have been due by December 2, 2019. *See* Fed. R. App. P. 4(b)(4). Defendant's notice would still be untimely because it was stamped December 26, 2019.

Defendant's notice of appeal was filed late and the Government has raised the issue. Thus, the Court must deny the motion for leave to appeal. *Gaytan-Garza*, 653 F.3d at 681; *Brown*, 817 F.3d at 489; *Majors*, 2019 WL 6768908 at *1. Additionally, because the motion to appeal is denied, the motion for the appointment of counsel for such appeal is also denied.

**IV.**

For the reasons stated herein, Defendant's Motion for Leave to Appeal and to Appoint New Counsel (ECF No. 975) is **DENIED.**

**IT IS SO ORDERED.**

| | |
|---|---|
| 1-27-2020 | /s/ Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |