**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MARTIN NEFTALI AGUILAR-RIVERA,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

                              **CASE NO. 2:21-CV-164
CRIM. NO. 2:17-CR-164(1)
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers**

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 1211.)  This matter is before the Court on to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** as untimely.

## I.    PROCEDURAL HISTORY

On July 22, 2019, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to Counts 1 and 4 of the Second Superseding Indictment, charging him with conspiracy to commit racketeering and murder in aid of racketeering.  (ECF Nos. 826, 833.)  On October 18, 2019, Judgment was entered sentencing Petitioner to a term of concurrent terms of life imprisonment.  (ECF No. 922.)  On March 11, 2021, Petitioner executed this Motion to Vacate under 28 U.S.C. § 2255.  (ECF No. 1211, PAGEID # 5047.)  He asserts, as his sole ground for relief, that his attorney refused to file an appeal after being requested by the Petitioner to do so.[1] However, this action is barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).

---

[1] Petitioner waived the right to appeal the conviction or sentence imposed under the terms of his Plea Agreement, unless the sentence exceeded the statutory maximum.  (ECF No. 826, PAGEID # 2896.)  Still, the District Court advised Petitioner of his right to appeal within 14 days, and the

## II.    STATUTE OF LIMITATIONS

28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

Applied here, Petitioner's conviction became final under the provision of 28 U.S.C. § 2255(f)(1) on November 1, 2019, fourteen days after the Judgment of sentence, when the time period expired to file a timely appeal.  *See* Fed. App. R. 46(b)(1)(A); *Mote v. United States*, Nos. 2:16-cv-115, 2:12-cr-234, 2018 WL 8544777, at *3 (S.D. Ohio Mar. 3, 2018).  The statute of limitations began to run on the following day and expired one year later, on November 2, 2020. Petitioner waited more than four months, until March 11, 2021, to execute this *pro se* habeas corpus petition.  Further the record reflects no basis for equitable tolling of the statute of limitations.  *Holland v. Florida,* 560 U.S. 631, 648 (2010) (A petitioner is entitled to equitable tolling only when he shows that: (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing.")  Petitioner

right to court appointed counsel for the purposes of filing an appeal.  Petitioner indicated that he understood.  (*Transcript*, ECF No. 1055, PAGEID # 4254.)

indicates that when he asked his attorney to file a Notice of Appeal, she told him that he could not appeal his sentence and she refused to do so.  (*Motion to Vacate*, ECF No. 1211, PAGEID # 5039.)  Thus, he appears to have known since the date of sentencing that his appointed counsel would not be filing an appeal on his behalf.  Moreover, the District Court advised Petitioner that he must file an appeal within fourteen days and that he had the right to court appointed counsel for the purposes of filing an appeal.  Petitioner indicated that he understood.  (*Transcript*, ECF No. 1055, PAGEID # 4254.)  Yet Petitioner does not explain his delay in filing or otherwise indicate the date that he learned that his attorney would not be filing an appeal.  Under these circumstances, the record does not indicate that Petitioner acted diligently in pursuing his rights. *See Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011) (where the petitioner is aware of the filing requirement and fails to check the status of his appeal equitable tolling is not warranted).  "A petitioner can establish due diligence by showing that he took 'prompt action . . . as soon as he [was] in a position to realize that he [had] an interest in challenging' his conviction."  *Id*. at 449 (citing *Johnson v. United States*, 544 U.S. 295, 308 (2005)).  Petitioner has failed to meet this standard here.  Further, "[w]hen a petitioner alleges his attorney's abandonment, reasonable diligence requires the petitioner's 'diligent and consistent efforts to contact his attorney about deadlines.'"  *Mote,* 2018 WL 8544777, at *4 (quoting *Wilson v. United States*, No. 1:06-CR-338, 2012 WL 2328007, at *2–3 (N.D. Ohio June 19, 2012) (quoting *Patterson v. Lafler*, 455 F. App'x 606, 611 (6th Cir. 2012)).

### III.    DISPOSITION

Accordingly, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1211) be **DISMISSED** as time-barred.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE