# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 2:17-cr-164
                                Also 2:21-cv-01164

                                District Judge Edmund A. Sargus, Jr.
-   vs  -                 Magistrate Judge Elizabeth Preston Deavers

MARTIN NEFTALI AGUILAR-RIVERA,

        Defendant.    :

## OPINION AND ORDER

       This case is before the Court on Defendant's Objections (ECF No. 1235) to the Magistrate Judge's Report and Recommendations recommending Defendant's Motion to Vacate under 28 U.S.C. § 2255 be dismissed as untimely (ECF No. 1212). The United States has responded to Defendant's Objections (ECF No. 1309).

       A litigant who objects to a Magistrate Judge's report and recommendations on a dispositive matter is entitled to *de novo* review of any portion of the report to which he or she has made substantial objection. The Court has conducted that review and this Opinion embodies the results of that review.

       Defendant was indicted by the grand jury for this District in 2017. On July 22, 2019, he pleaded guilty, pursuant to Plea Agreement to Counts One and Four of the Second Superseding Indictment, charging him with conspiracy to commit racketeering and murder in aid of racketeering (ECF Nos. 826, 833). On October 16, 2019, he was sentenced to concurrent terms of

1

life imprisonment on those charges (ECF No. 922). Defendant did not timely appeal, but on January 2, 2020, he moved for leave to file a late appeal (ECF No. 975). In the Motion he states he had every intention of filing a notice of appeal "within the fourteen days allowed by the Court." *Id.* at PageID 3669. In it he makes no claim that he instructed his trial attorney, Diane Menashe, to file a notice of appeal. Instead, he criticizes her for not sending him transcripts, etc. The Court denied the Motion on January 27, 2020, as it was bound to do (ECF No. 989).

On March 11, 2021, Defendant signed and mailed the instant Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 1211, PageID 5047). This date of deposit in the prison mailing system counts as the date of filing for the Motion. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). ¶ 18 of the § 2255 form reads: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Defendant answered that this section was not applicable to him. (ECF No. 1211, PageID 5045).

**The Report and Recommendations**

On initial review under Rule 4 of the Rules Governing § 2255 Motions, Magistrate Judge Deavers recommended that the Motion be dismissed as untimely (ECF No. 1211). She calculated that Defendant's conviction became final on November 1, 2019, fourteen days after judgment, when his time to appeal expired. *Id.* at PageID 5050. The one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2255(f)(1) began to run the next day and expired November 2, 2020, more than four months before Defendant filed the instant Motion. *Id.*

Defendant asserts, as his sole ground for relief, that his attorney refused to file an appeal after being requested by him to do so. He claims that after sentencing on October 16, 2019[1], he instructed his attorney, Diane Menashe, to file a notice of appeal, but she told him that he could not appeal his sentence and she refused to do so. (*Motion to Vacate*, ECF No. 1211, PageID 5039).

**Defendant's Objections**

To excuse his delay, Defendant claims he was transferred to USP Lee County after sentencing, arriving there November 19, 2019(ECF No. 1235, PageID 5114). Two months later he claims he was placed in "SHU"[2] on account of an investigation "due to some other person's acts." He remained there for seven months. Designated to USP Atwater, he was still unable to access a law library or legal materials. *Id.* The entire Bureau of Prisons, he claims, was on lockdown because of the COVID-19 pandemic and he did not learn until March 2021 that his appeal had not been filed. *Id.* at PageID 5115.

Defendant also asserts the instant Motion "is not a collateral attack upon the sentence or conviction but a request to reopen direct appeal to challenge the involuntariness of his "PLEA" to an unconstitutionally vague law, in light of the Supreme Court decision in *Davis*[3]." (Objections, ECF No. 1235, PageID 5115).

Defendant next claims his plea should be vacated because neither the United States nor his own attorney advised him that conspiracy to commit murder in aid of racketeering is a crime of violence because of 18 U.S.C. § 924(c)(3)(B). *Id.* at PageID 5116-57. Defendant claims he only

---

[1] In his Objections, he claims this instruction was given on November 1, 2019 (ECF No. 1235, PageID 5112.
[2] A "segregated housing unit."
[3] *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019).

learned in November 2019 that he had pleaded guilty to an unconstitutional statute. *Id.* Defendant also claims his plea was involuntary because the Spanish interpreter at his plea hearing did not translate English into the particular dialect of Spanish that he speaks, although he does not identify what that dialect is. *Id.* at PageID 5120.

**Government Response to the Objections**

The United States responds to the Objections by arguing that Judge Deavers' calculation of the statute of limitations date is correct. It offers considerable argument as to why Defendant is not entitled to a later start date for the running of the statute or to equitable tolling (Response, ECF No. 1309, PageID 5766-73).

The United States has also provided the sworn affidavit of Attorney Menashe who disputes Defendant's claim of not being able to understand English, noting that by the end of the case his English was good enough to allow consultation without an interpreter. *Id.* at Attachment A, ¶ 12, quoted at PageID 5774. Even more significantly, she swears that neither at the sentencing hearing nor at any time within the next fourteen days did Defendant instruct her to appeal. *Id.* at ¶ 14. Indeed she never learned of his desire to appeal until she received notice of his filing the *pro se* motion for delayed appeal. *Id.*

**Analysis**

With the assistance of counsel, Defendant entered into a Plea Agreement with the United States on July 26, 2019 (ECF No. 826). In it he agreed to plead guilty to Count One which charged

him with Conspiracy to Commit Racketeering, in violation of 18 U.S.C. § 1962(d), and Count Four which charged him with Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1). In return for his guilty plea, the United States gave up its opportunity to seek capital punishment in this case. Indeed, the parties agreed that the appropriate sentence was a term of life imprisonment without the possibility of release. *Id.* at PageID 2895. Part of the agreement was a waiver of appeal.

> **Waiver of Appeal**: In exchange for the concessions made by the USAO in this plea agreement, the Defendant waives the right to appeal the conviction or sentence imposed, except if the sentence imposed exceeds the statutory maximum. The Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255. However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

*Id.* at ¶ 12, PageID 2896. After the Plea Agreement was filed, Defendant appeared in open court, was sworn to tell the truth, and answered in the affirmative all the required questions put to him by the Court to ensure that his plea was voluntary, knowing, and intelligent (Transcript, ECF No. 1251). In particular, he made no complaint about the representation he had received or the quality of the Spanish translation provided. He agreed that he understood the terms of the Plea Agreement pursuant to which he was pleading guilty because he was in fact guilty, and that the facts recited in the Statement of Facts attached to the Plea Agreement were true. The transcript reveals the Court expressly told Defendant at sentencing that there was a fourteen-day limit on filing a notice of appeal (ECF No. 1055, PageID 4254).

      The Court concludes that Magistrate Judge Deavers' calculation of the time limit for filing a § 2255 motion in this case is correct. The Court further finds for the reasons stated by the United States in its Response to Defendant's Objections that Defendant is not entitled to either a later start

5

date for the calculation or to equitable tolling.  The Court particularly notes Defendant's *pro se* filing of the motion for delayed appeal on December 26, 2019, a document considerably more complex than a simple notice of appeal.  The instant Motion to Vacate is therefore barred by 28 U.S.C. § 2255(f)(1).

Moreover, the Court concludes the Motion to Vacate is without merit.  Failure to file a notice of appeal upon request constitutes ineffective assistance of trial counsel.  *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998).  However, counsel is under no professional obligation to appeal unless a client requests it.  *Roe v. Flores-Ortega,* 528 U.S. 470 (2000).  The Court accepts Attorney Menashe's sworn statement that Defendant never made such a request or gave such an instruction within the time allowed for appeal.

Finally, the Court notes that *United States v. Davis* has no application to this case.  That case held that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause) was unconstitutionally vague.  The Sixth Circuit had taken the same position several years earlier in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).  Defendant's sentence in this case was not enhanced because he had committed a prior crime of violence.  Instead he was sentenced to the mandatory minimum under 18 U.S.C. § 1959(a)(1) and under 18 U.S.C. § 1962(d) to a concurrent life sentence as authorized by 18 U.S.C. § 1963(a).

**Conclusion**

Upon *de novo* review, the Court finds no error of law or fact in the Report and Recommendations and it is hereby ADOPTED.  Defendant's Objections are OVERRULED and the Clerk is directed to enter judgment dismissing the Motion to Vacate with prejudice.  Because

7

reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 21, 2021.

s/Edmund A. Sargus, Jr.
Edmund A. Sargus, Jr.
United States District Judge
